# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | | |
|---|---|---|
| **GLENN D. PANKEY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Case No. 09-2150 |
| **WRIGHT MEDICAL GROUP, INC.,** | ) | |
| a corporation; et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

In June 2009, Plaintiff Glenn D. Pankey filed a Complaint (#1) against Defendants Wright Medical Group, Inc., Wright Medical Technology, Inc., and Wright Medical Europe SA. Plaintiff brings a products liability claim in connection with a hip prosthesis system. Plaintiff received a hip replacement in October 2007, but the prosthesis failed and had to be removed in April 2009. Federal jurisdiction is based on diversity pursuant to 28 U.S.C. § 1332.

In November 2010, Plaintiff filed a Motion to Compel Discovery (#40). Defendants filed Defendants' Response in Opposition to Plaintiff's Motion to Compel Discovery (#45). This Court hereby **DENIES** Plaintiff's Motion to Compel Discovery **(#40)** for the reasons given below.

A party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). The party from whom the documents are requested must provide the documents or state a specific objection. FED. R. CIV. P. 34(b)(2). Upon such an objection, a party seeking discovery may move for an order to compel production. FED. R. CIV. P. 37. In considering a motion to compel discovery, the district court exercises significant discretion, and may fashion a ruling appropriate for the circumstances of the case. FED R. CIV. P. 37(5); *see also Gile v. United Airlines, Inc.*, 95 F.3d 492, 495-96 (7th Cir. 1996).

Here, Plaintiff asserts that he has served numerous interrogatories and production requests, to which Defendants have not fully responded. Plaintiff asks for various information related to the "prothesis model in question." Plaintiff defines the "prothesis model in question" as "All PROFEMUR modular necks and all PROFEMUR stems." Plaintiff asserts that Defendants have limited their response to only the variant that was used in Plaintiff's hip replacement. Defendants respond that Plaintiff's request is overly broad, and would produce irrelevant information that is outside the scope of discovery. Defendants state, "Plaintiff attempts to cast a wide net, apparently with the intent of fishing for information that might support a multi-plaintiff action, rather than his own." (#45, p. 1).

Parties have conferred on the proper scope of discovery. Plaintiff repeatedly asserts that he is entitled to information about parts, other than the specific types of parts involved in his hip replacement, because information about these parts may point to a systemic failure across Defendants' related products. Defendants have responded that all of Plaintiff's proposed definitions for a scope of discovery are overly broad. Plaintiff notes, "Defendants continually split proverbial hairs in regards to the terminology used to describe the prosthesis at issue. In an effort to clarify, the Plaintiff simply requested the [sic] any testing information or photographs in regards to any PROFEMUR prosthesis system neck and stems, and known failure rates of the same system." (#42, p. 3).

The Court notes that difficulty in defining an appropriate scope for discovery does not excuse the parties from this task. Plaintiff may not seek irrelevant information simply because it is logistically easier than narrowing his request. The Court finds that Plaintiff's request for information related to "All PROFEMUR modular necks and all PROFEMUR stems" is overly broad. Therefore, Plaintiff's motion to compel responses to discovery requests involving this definition is denied.

In their briefs and in correspondence to each other, the parties place particular emphasis on a list, compiled by Defendants, which contains information on over 100 reported failures of PROFEMUR products. Defendants have refused to produce this list, asserting that these reported failures cover over 100 devices and individual circumstances, and are not relevant to the Plaintiff's case (#40-5, p. 10). In addition to arguing that this list is not relevant, Defendants argue that the list is privileged. At this time, the Court agrees with Defendants that the list of all reported failures of PROFEMUR parts is not relevant, and therefore outside the scope of discovery. The Court does not reach arguments related to privilege. If, in further proceedings, Plaintiff identifies PROFUMER products that are related to his case, then Plaintiff may then be entitled to discovery regarding failures of those products. However, Plaintiff may not obtain this list wholesale at this time on the mere assertion that he is entitled to discovery on "All PROFEMUR modular necks and all PROFEMUR stems."

For the reasons stated above, the Court **DENIES** Plaintiff's Motion to Compel Discovery **(#40)**.

ENTER this 14th day of January, 2011.

                                              s/ DAVID G. BERNTHAL
                                                 U.S. MAGISTRATE JUDGE